UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TROY CLINTON VAN SICKLE, Defendant. | CASE NO. CR18-0250JLR ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE |

## I. INTRODUCTION

Before the court is Defendant Troy Clinton Van Sickle's second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(1), commonly referred to as a motion for compassionate release. (*See* 2d Mot. (Dkt. # 68).) Defendant United States of America ("the Government") opposes Mr. Van Sickle's motion. (*See* Resp. (Dkt. # 60) (sealed).) The court has considered Mr. Van Sickle's motion, the parties' submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Van Sickle's motion.

## II. BACKGROUND

On April 17, 2020, Mr. Van Sickle filed his first motion for compassionate release alleging that he suffers from medical conditions that qualify as risk factors for Coronavirus Disease 2019 ("COVID-19"). (1st Mot. (Dkt. # 54).) On May 7, 2020, the court denied Mr. Van Sickle's first motion for compassionate release due to Mr. Van Sickle's failure to exhaust his administrative remedies. (*See* 5/7/20 Order (Dkt. # 67).) Mr. Van Sickle represented to the court, through his attorney, that he had submitted a request for compassionate release to prison personnel on March 14, 2020. (*See* 1st Mot. at 3; *see also* 1st Reply (Dkt. # 61) ¶ 2.a ("Mr. Van Sickle . . . was the source for the information about his request to the Warden for Compassionate Release.").) In its order denying Mr. Van Sickle's first request for compassionate release, the court concluded that if Mr. Van Sickle could demonstrate that he had submitted a written request for compassionate release to the warden on March 14, 2020, his administrative remedies would be exhausted because his first motion was filed more than 30 days after his request. (*See* 5/7/20 Order at 8 (citing 18 U.S.C. § 3582(c)(1)).) However, in support of his position, Mr. Van Sickle submitted nothing more "than his say so." (*Id.*) The court concluded that due to Mr. Van Sickle's "conduct in the underlying case and his many prior convictions of dishonesty, including perjury, . . . Mr. Van Sickle's word, without more, [was] insufficient to meet his burden [of proof on the exhaustion issue]." (*Id.* at 9 (citing § II of the court's 5/7/20 Order detailing Mr. Van Sickle's long history with crimes involving fraud or dishonesty, among other crimes).)

//

In his present motion, Mr. Van Sickle again seeks compassionate release on the ground that he suffers from medical conditions that qualify as risk factors for COVID-19. (*See generally* 2d Mot.) Mr. Van Sickle asserts that he filed a request for compassionate release with the Warden at his facility on May 12, 2020, and he attaches a copy of the request to his motion. (*See id.* ¶ 3, Ex. 1.) He also avers that the Warden denied his request in a written response dated June 6, 2020, and he attaches a copy of the Warden's denial as well. (*See id.* ¶ 4, Ex. 2.)

The Warden's June 6, 2020, denial, which was signed by Senior Counsel John T. LeMaster, advised Mr. Van Sickle that if he was not satisfied with the outcome he could "commence an appeal of th[e] decision via the administrative remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of th[e] response." (*See id*.) Nevertheless, Mr. Van Sickle also represents through his counsel that the facility's staff "advised him that an appeal would take approximately six months, and if he was concerned about his health he should immediately file with the Court," and he was "further advised . . . that he now should request a compassionate release from the Court." (*See id.* ¶ 4.)

Mr. Van Sickle filed his second motion to the court for compassionate release on June 15, 2020. (*See* 2d Mot.) Plaintiff United States of America ("the Government") opposes Mr. Van Sickle's motion. (*See* Resp.) The court now considers Mr. Van Sickle's second motion for compassionate release.

//

//

## III. ANALYSIS

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)). One such statute is 18 U.S.C. § 3582(c)(1), which governs motions for compassionate release. *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. Apr. 13, 2020). Until recently, only the Bureau of Prisons ("BOP") could bring a motion for the compassionate release of a prisoner, but the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1) so that federal prisoners may now seek such release directly from the court. The statute now provides the court with authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the United States Sentencing Commission's policy statement. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020).

//

As it did when considering Mr. Van Sickle's first motion for compassionate release, the first condition the court considers is whether Mr. Van Sickle exhausted his administrative remedies. (*See* 1st Mot. at 7-10.) Mr. Van Sickle bears the burden of showing that he exhausted his administrative rights before filing his compassionate release motion. *United States v. Johnson*, No. 4:00-CR-40023, 2020 WL 1434367, at *1 (W.D. Ark. Mar. 24, 2020) (citing *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019)); *see also United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020) (holding that a defendant bears the burden of establishing his or her entitlement to sentencing reduction) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)); *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) ("The defendant has the burden to show he is entitled to a sentence reduction.") (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.")).

Despite the Government's apparent concession that Mr. Van Sickle has exhausted his administrative remedies concerning his second motion for compassionate release (*see* Resp. at 14), the court disagrees as a matter of law. Section 3582(c)(1)(A) is clear that a defendant may only file a motion for compassionate release after (1) fully exhausting his "administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (2) a "lapse of 30 days" from the warden's receipt of the defendant's request. 18 U.S.C. § 3582(c)(1)(A). The statute does not allow a defendant

to short-circuit the BOP's administrative procedures simply by waiting 30 days after filing the request if the warden timely acted on the request. *United States v. Miller*, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020), *reconsideration denied*, No. 2:16-CR-00269-BLW, 2020 WL 2202437 (D. Idaho May 6, 2020). "In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days." *Id.* (citing *Lapse*, Black's Law Dictionary (11th ed. 2019)). "The 30-day period gives the warden time to respond to the inmate's request but prohibits the warden from sitting on the request beyond 30 days." *United States v. Sims*, No. CR19-0262JLR, 2020 WL 2838611, at *4 (W.D. Wash. June 1, 2020).

Here, although Mr. Van Sickle submitted a request to the Warden of his facility (*see* 2d Mot. ¶ 3, Ex. 1), the Warden issued his denial within 30 days (*see id.* ¶ 4, Ex. 2). Further, the Warden's written denial specifically advised Mr. Van Sickle of his administrative appeal rights. (*See id.*) The court concludes that Mr. Van Sickle may not simply short-circuit the administrative process by filing his motion with the court within 30 days of his request to the Warden. Where the Warden has timely responded to a prisoner's request within 30 days, that prisoner must exhaust his administrative appeal rights before filing a motion with the court. *See Sims*, 2020 WL 2838611, at *4.

The court acknowledges Mr. Van Sickle's statements to his attorney that he was advised by facility staff that an administrative appeal would take approximately six months and that he should file a motion for compassionate release with the court. (*See* 2d Mot. ¶ 4.) To the extent, however, that these statements are even relevant to Mr. Van Sickle's obligations under the statute to properly exhaust his administrative remedies, the

court does not find them to be credible. As noted above, Mr. Van Sickle bears the burden of proof that he has exhausted his administrative remedies. *See Johnson*, 2020 WL 1434367, at *1; *Greenhut*, 2020 WL 509385, at *1. As the court previously found, "[d]ue to [his] conduct in the underlying case and his many prior convictions of dishonesty, including perjury, . . . Mr. Van Sickle's word, without more, is insufficient to meet his burden . . . ." (1st Mot. at 9.) The Warden's written denial of Mr. Van Sickle's request for release clearly set forth his rights to an administrative appeal and the procedures necessary to file one. (*See* 2d Mot. ¶ 4, Ex. 2.) Mr. Van Sickle ignored those instructions at his peril.

The court also recognizes that some courts have interpreted 18 U.S.C. § 3582(c)(1) to mean that a motion for compassionate release may be submitted to the sentencing judge once 30 days have passed after a warden's receipt of a defendant's request regardless of whether the warden acted upon the request within 30 days. *See, e.g.*, *United States v. Peuser*, No. 8:17CR60, 2020 WL 2732088, at *1 & n.1 (D. Neb. May 26, 2020) (recognizing the alternate interpretation but stating that most courts agree that if the Warden denies a request within 30 days, the defendant must exhaust his administrative remedies and citing myriad cases); *United States v. Arthaloney*, No. 8:18CR127, 2020 WL 2571171, at *1 & n.1 (D. Neb. May 21, 2020) (same). Nevertheless, most courts have interpreted the language to mean that a motion for compassionate release may be submitted to the sentencing judge if 30 days have lapsed and the warden failed to respond, but if the warden denied the request within 30 days of receipt, the defendant must exhaust his administrative remedies within the BOP before

filing a motion with the court. *See Peuser*, 2020 WL 2732088, at *1; *Arthaloney*, 2020 WL 2571171, at *1. This court is persuaded that the majority's interpretation of 18 U.S.C. § 3582(c)(1) is the correct one.

"This court and other district courts in the Ninth Circuit that have considered [the exhaustion] issue have nearly unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release motion even in light of the urgency created by COVID-19." *Sims*, 2020 WL 2838611, at *4 (citing *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *4 (W.D. Wash. May 7, 2020) and *United States v. Fuller*, No. CR17-032JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020) (citing numerous cases)). Accordingly, the court DENIES Mr. Van Sickle's second motion for compassionate release for failure to exhaust his administrative remedies.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Mr. Van Sickle's second motion for compassionate release (Dkt. # 68).

Dated this 13th day of July, 2020.

JAMES L. ROBART
United States District Judge