UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0250JLR |
| Plaintiff, | ORDER |
| v. | |
| TROY CLINTON VAN SICKLE, | |
| Defendant. | |

Before the court is Defendant Troy Clinton Van Sickle's motion for early termination of supervised release. (Mot. (Dkt. ## 111 (sealed), 109 (redacted)); Reply (Dkt. # 114).) Plaintiff the United States of America ("the Government") and United States Probation and Pretrial Services ("Probation") oppose Mr. Van Sickle's motion. (Govt. Resp. (Dkt. # 113); Probation Resp. (Dkt. # 115 (sealed)).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Van Sickle's motion for early termination of supervised release.

On June 24, 2019, Mr. Van Sickle pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341.  (Plea Agreement (Dkt. # 36).)  On September 30, 2019, the court sentenced Mr. Van Sickle to 30 months of imprisonment followed by three years of supervised release.  (Judgment (Dkt. # 49) at 2-3.)  It also ordered Mr. Van Sickle to pay $250,000 in restitution.  (*Id.* at 6.)  On October 12, 2021, the court granted the Government's motion to reduce Mr. Van Sickle's sentence pursuant to Federal Rule of Civil Procedure 35(b) and reduced the sentence to time served.  (Rule 35(b) Mot. (Dkt. # 103 (sealed)); 2d Am. Judgment (Dkt. # 108) at 2.)  The court, however, maintained the requirements that Mr. Van Sickle complete three years of supervised release and pay restitution.  (2d Am. Judgment at 3, 6.)  Thus, Mr. Van Sickle's period of supervised release began on October 12, 2021, and is set to expire on October 11, 2024.  (*See* Probation Resp.)

Mr. Van Sickle had a positive record while in prison.  (*See* Mot. at 4-5; Rule 35(b) Mot. at 2-4.)  Since his release, he has performed well on supervision.  He has complied with his conditions of supervision, has regularly paid his restitution obligation, and, as a low-risk releasee, has been placed on an administrative supervision caseload.  (Mot. at 5; 5/31/23 Nelson Decl. (Dkt. ## 111 (sealed), 109 (redacted)) ¶¶ 2-3, Ex. A (restitution payment history); Prob. Resp.)  He has also maintained a positive record of employment and a steady relationship with his partner and her sons.  (5/31/23 Nelson Decl. ¶¶ 4-5, Exs. B-C (letters from employer and partner).)

Mr. Van Sickle argues that supervised release is warranted because he has "shown himself to be a law-abiding, productive, and caring . . . member of society" in the ten

1   years since he committed the offense for which he was convicted.  (Mot. at 5.)  The

2   Government opposes the motion in light of Mr. Van Sickle's lengthy criminal history, the

3   facts of the offense for which Mr. Van Sickle was convicted, the amount of restitution

4   that Mr. Van Sickle still owes, and the low supervision burden imposed by being placed

5   on the administrative caseload.  (Govt. Resp. at 2-3 (citing PSR (Dkt. # 39 (sealed))

6   ¶¶ 9-14, 34-43).)  Probation also opposes early termination of supervision because of Mr.

7   Van Sickle's criminal history, the amount of restitution still owed, and the low burden of

8   supervision on an administrative caseload.  (Probation Resp.)

9        After considering the factors set forth in 18 U.S.C. § 3553(a), a court may

10  "terminate a term of supervision . . . at any time after the expiration of one year of

11  supervised release" if such action is warranted by the defendant's conduct and in the

12  interests of justice.  *See* 18 U.S.C. § 3583(e)(1).  The court is pleased to see Mr. Van

13  Sickle's progress toward building a healthy, stable life.  However, the court agrees with

14  the Government and Probation that termination of supervision at this time would be

15  premature in light of Mr. Van Sickle's criminal history and the amount of restitution still

16  owed.  The court would like to see Mr. Van Sickle demonstrate continued success over a

17  longer period before it will consider terminating his period of supervised release.

18  //

19  //

20  //

21  //

22  //

1    Accordingly, having considered the 18 U.S.C. § 3553(a) factors, the court DENIES Mr.

2    Van Sickle's motion for early termination of supervised release (Dkt. # 111).

3         Dated this 13th day of June, 2023.

4

5

6         JAMES L. ROBART
          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22